UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYLEON J. SILAS-FOREMAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:18-cv-01573-AC<br><br><br><br>ORDER |

Plaintiff Jayleon J. Silas-Foreman commenced this social security action on May 30, 2018. ECF Nos. 1-3.[1] On June 19, 2019, the parties stipulated to the remand of this case to the Commissioner. ECF Nos. 28, 29. Presently pending before the court is plaintiff's motion for $6,891.67 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 31. The Commissioner filed an opposition to plaintiff's motion, and plaintiff filed a reply brief. ECF Nos. 32, 34. After considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

1

> expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2] Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA because an award under the circumstances of this case would be unjust. ECF No. 32 at 2-

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on June 20, 2019. (ECF No. 30.) The judgment became a non-appealable "final judgment" 60 days later on August 19, 2019. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by September 18, 2019. Plaintiff's September 16, 2019 application is therefore timely.

3, citing 28 U.S.C.A. §§ 2412(d)(1)(A), and 2412(d)(2)(A). The Commissioner argues that "special circumstances militate against an award of attorney fees because Plaintiff and his attorney were uncooperative with the agency's efforts to develop the record." ECF No. 32 at 7. Specifically, the Commissioner asserts that counsel has represented plaintiff since he was a minor, that plaintiff failed to attend several scheduled consultative examinations during counsel's representation both during periods of incarceration and freedom, and that while "[p]laintiff was incarcerated, it was incumbent upon counsel to advocate for attending consultative examinations." Id. at 8.

Plaintiff's counsel submitted an untimely reply brief arguing that he has never represented plaintiff before the Commissioner or when plaintiff was a minor, and that his representation began in September of 2014. ECF No. 34 at 3-4. Counsel states that attorney Andrew Ragnes, who has worked for counsel as a law clerk since 2011, independently represented plaintiff through his own private practice since 2007. Id. at n.3. Mr. Ragnes submitted a sworn declaration detailing his representation and stating that he had "no knowledge of any CE requests" and that, despite being plaintiff's designated representative on all claims, he was "not provided notice" of any scheduled exams. ECF No. 33 at 4. Mr. Ragnes further stated that it appears his client never got any such notices, which may have been sent to his aunt but also appear to have been inaccurately addressed. Id. Plaintiff's named counsel, Robert Weems, asserts that he began to represent plaintiff in September of 2014. ECF No. 34 at 3.

In light of the declaration of Mr. Ragnes and plaintiff's counsel's assertion that his representation of plaintiff did not begin until 2014, the undersigned does not find that special circumstances warrant denial of EAJA fees. The special circumstances provision of the EAJA "gives the court discretion to deny awards where equitable considerations dictate an award should not be made." Scarborough v. Principi, 541 U.S. 401, 423 (2004), quoting H.R.Rep. No. 96–1418, p. 11 (1980). The two considerations relevant to that determination are: "(1) whether the award of fees would further the congressional purpose in adopting the attorney's fees statute; and, (2) the balance of equities." Seattle School District No. 1 v. State of Washington, 633 F.2d 1338, 1348 (9th Cir. 1980).

////

The Commissioner's central argument is that plaintiff missed six consultative examinations. ECF No. 32 at 3, citing Administrative Record ("AR") 301-314. The AR reflects notes regarding missed exams on 3/1/2010, 1/25/2010, 1/4/2010, 12/30/2009, 12/28/2009, 12/23/2009, 12/21/2009. AR 301-314. The Commissioner also attached an exhibit showing two additional missed exams. ECF No. 32-2. Notes from November and December of 2015 indicate an examiner was unable to reach plaintiff, but show no indication that counsel was contacted at any point. ECF No. 32-2 at 12. Notes from June of 2014 indicate plaintiff missed a hearing because he was in jail, and there is no indication counsel was contacted. Id. at 13. Under the circumstances, in light of counsel's testimony that representation did not begin until 2014 and that counsel's law clerk, though involved with the plaintiff since 2011, was never alerted to the scheduling of consultative exams, the court concludes that an award of fees both furthers the congressional purpose of the EAJA and is justified in view of the equities in this case.

The Commissioner also argues that plaintiff's counsel's fee request is not reasonable because plaintiff's billing was duplicative, particularly in light of Mr. Ragnes' prior representation of plaintiff. ECF No. 32 at 11. The Commissioner takes issue with billing for items such as record review, where not much evidence had changed. Id. The court is not persuaded by the Commissioner's arguments here; in light of the length of time over which plaintiff's interactions with the Commissioner took place, it is reasonable, for example, that counsel would have to spend time reviewing the record at the end of 2018 (even though there had been no substantial changes since 2015) in order to competently draft a statement of facts. See id. The court will not reduce the requested fees.

In light of the foregoing, the court will award plaintiff EAJA attorneys' fees in the full amount of $6,891.67. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 31-3.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

////

4

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 31) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the total amount of $6,891.67 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: November 20, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE